IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JUNIOR BOMPETI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00246-O-BP |
| | § | |
| **USCIS,** | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the correspondence that Plaintiff Junior Bompeti ("Bompeti") filed on June 13, 2024. ECF No. 11. This case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3. In his letter, Bompeti asks the Court to grant him humanitarian advance parole to visit his older brother in South Africa, who has recently been diagnosed with prostate cancer. ECF No. 11.

"It is well-established that a plaintiff must exhaust administrative remedies before resorting to the courts. Exhaustion is required in part because of the possibility that administrative review might obviate the need for judicial review." *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000) (internal quotation marks and footnotes omitted); *see also Winn v. New Orleans City*, 919 F. Supp. 2d 743 (E.D. La. 2013) ("Where Congress explicitly provides that administrative remedies must be exhausted or where such intent may be inferred from the statutory scheme, however, exhaustion is required." (citing *F.D.I.C. v. Scott*, 125 F.3d 254, 257 (5th Cir.1997)). One seeking advance parole "*must* file" a Form I-131 (which may be found at https://www.uscis.gov/humanitarian/humanitarian_parole) with United States Citizenship and Immigration Services. 8 C.F.R. §§ 223.2 (emphasis added), 106.2(7)(iii). Bompeti has not

demonstrated that he has exhausted his administrative remedies and cannot obtain relief from the Court. *See Liu v. Bureau of Citizenship & Immigr. Servs.*, No. 06 CIV. 4068 SHS, 2007 WL 603513, at *1 (S.D.N.Y. Feb. 20, 2007). Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Bompeti's request (ECF No. 11).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 24, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

2