IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JUNIOR BOMPETI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00246-O-BP |
| | § | |
| USCIS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Junior Bompeti ("Bompeti") filed this civil case on March 15, 2024. ECF No. 1. On that same day, the case was preliminarily assigned to the undersigned under Special Order No. 3. ECF No. 3. Although summons has been issued, the record lacks proper proof of service to show that Defendant has been properly served in this case, and no answer has been filed. Bompeti has attempted to serve Defendant and file proof of service with the Court several times, but each attempt was deficient. *See* ECF Nos. 8, 10, 14, 17. Consequently, the Court notified Bompeti of the deficiencies, *sua sponte* extended his deadline file proper proof of service, ordered him to cure such deficiencies, and cautioned him that if he failed to do so, the Court must dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m). *See* ECF Nos. 9, 12, 16, 19, 21. On July 9, 2024, the Court ordered Bompeti to show cause on or before July 29, 2024, why this case should not be dismissed for failure to perfect service of process upon Defendant. ECF No. 19. Further, on July 30, 2024, the Court ordered Bompeti to show cause on or before August 9, 2024, why this case should not be dismissed for failure to perfect service of process upon Defendant. ECF No. 21.

On July 29, 2024, Bompeti filed proof of his fifth attempt to serve process on Defendant, in which he includes several certified United States Mail receipts. ECF No. 20. This did not cure Bompeti's deficient proof of service. As the Court has previously emphasized, "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, *proof must be by the server's affidavit*." Fed. R. Civ. P. 4(l) (emphasis added). Bompeti's most recent attempt to file proper proof of service contains no affidavit and is thus deficient.

Finally, on August 19, 2024, the Court ordered Bompeti to show cause on or before August 29, 2024, why this case should not be dismissed for failure to perfect service of process upon Defendant. ECF No. 23. Bompeti has neither responded to the Order, nor provided any proof of service upon Defendant.

District courts may dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite many clear warnings that noncompliance could result in dismissal of his case under Federal Rule of Civil Procedure 41(b), Plaintiff did not comply with the Court's orders. Absent

2

compliance with the Court's orders, this case cannot proceed. Because nothing indicates Plaintiff's noncompliance stems from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. *Long*, 77 F.3d at 880. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on September 10, 2024.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE